UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHY PENNINGTON | CIVIL ACTION |
| VERSUS | NO: 17-4280 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION: "A" (1) |

### ORDER AND REASONS

The captioned case is a B3 lawsuit that was allotted to this section from Judge Barbier's MDL 2179 pertaining to the Deepwater Horizon disaster that occurred in the Gulf of Mexico in 2010. The B3 pleading bundle includes personal injury claims due to oil or chemical exposure during the disaster response. *See In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on April 20, 2010*, No. MDL 2179, 2021 WL 6055613, at *1 (E.D. La. Apr. 1, 2021). B3 plaintiffs either opted out of the Medical Settlement or were not members of the settlement class. *Id.* at *2 (discussing the Medical Benefits Class Action Settlement Agreement in MDL 2179).

The plaintiff, Kathy Pennington, was employed in the Deepwater Horizon oil spill response effort and claims that exposure to crude oil and chemical dispersants (the former being released by the oil spill itself and the latter being used in the cleanup process) caused various personal injuries, some temporary and some long-term.

From the inception of the severed B3 cases, it has been understood that to prevail "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response." *In re Oil Spill by Oil Rig "Deepwater*

1

*Horizon,"* 2021 WL 6055613, at *11. Because causation had proved to be *the* critical element in the BELO cases,[1] it was predicted to be the "make-or-break" issue for many B3 cases as well. *Id.* (comparing and contrasting BELO cases and B3 cases). A B3 plaintiff must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the oil spill response. *Id.* The issue of causation will require an individualized inquiry. *Id.*

The plaintiff's burden with respect to causation in a toxic tort case involves proof of both general causation and specific causation. *See Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). General causation is whether a substance is capable of causing a particular injury or condition in the general population. *Id.* at 351. Specific causation is whether a substance caused a particular individual's injury, *i.e.*, the plaintiff's injury. *Id.* (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997)). If the plaintiff's case fails at the first-step of producing admissible evidence as to general causation, then the issue of specific causation is rendered moot. *See id.* (citing *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1329 (10th Cir. 2004)).

In each of the hundreds of B3 cases that were reassigned from MDL 2179 to the judges of this district, the plaintiff attempted to prove both general and specific causation by relying on expert medical doctor, Jerald Cook. Dr. Cook's expert report, of which there have been several versions, has been described by another judge as "an omnibus, non-case specific general causation expert report that has been used by many B3 plaintiffs." *Backstrom v. BP Expl. & Prod., Inc.*, No. 17-3029, 2022 WL 2342390, at *1 (E.D. La. June

---

[1] BELO cases are Back-End Litigation Option cases in which the plaintiff makes a claim for injuries not settled as part of the Deepwater Horizon medical settlement agreement.

29, 2022) (Barbier, J.). Unfortunately, no version of Dr. Cook's report has been accepted in this district, including the version that was produced in this case (May 31, 2022 version).

The motion in limine in the captioned case pertains to the plaintiff's use of Dr. Cook's report, and the testimony that would be derived from it at trial, as evidence of both general and specific causation. Movants seek to exclude Dr. Cook's opinions on various grounds including the principles espoused in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Again, Dr. Cook's report has been rejected repeatedly under *Daubert* by the judges of this district. If Dr. Cook's opinions are excluded from trial, then Defendants argue that their motion for summary judgment must be granted because the plaintiff in each case will have no expert medical causation evidence, which would constitute a complete failure of proof on an essential element of the case.

Given the legion of cases in this district that have rejected Dr. Cook's various reports (no judge has accepted any version of the reports in any B3 case that the Court is aware of), the plaintiff has attempted to cure the problems with Dr. Cook's report by supplementing it with what amounts to an untimely expert report by Dr. Linda Birnbaum, who is not a medical doctor. This Court has previously rejected the Birnbaum affidavit (as have the other judges of this district) as being insufficient to overcome the obstacles with Dr. Cook's causation report.

For the same reason, the Court GRANTS the defendants' motion in limine in the captioned case. Consequently, the defendants' motion for summary judgment is likewise GRANTED.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine/Motion to Exclude (Rec. Doc. 51)** filed by the defendants is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 52)** filed by the defendants is **GRANTED** and that all of the claims of the plaintiff against all of the defendants in the captioned case are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the **Motion for Spoliation of Evidence Relief (Rec. Doc. 56)** filed by the plaintiff is **MOOT**.[2]

September 22, 2023

_____
Jay C. Zainey
United States District Judge

---

[2] This spoliation motion was noticed for submission on September 27, 2023, which was two weeks after the defendants' dispositive motions were submitted for consideration. No motion for expedited consideration was filed with the spoliation motion. The Court notes, however, that the premise of the motion has been previously rejected across this district including by this Court.